IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARION, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | 18 C 5904 |
| v. ) | |
| ) | Judge John Z. Lee |
| LMLC HOLDINGS, INC., and TODD ) | |
| BARNHARDT, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Arion, LLC ("Arion") initiated this lawsuit against Defendants LMLC Holdings, Inc. ("LMLC") and Todd Barnhardt in the Circuit Court of Cook County, Illinois. Defendants removed the case to this Court and now seek to transfer the case to the U.S. District Court for the Western District of Wisconsin, Eau Claire Division. For the reasons stated herein, Defendants' motion [13] is granted.

## Background

Arion is an Illinois company whose sole member, Sepideh Noekhah, is an Illinois resident. Compl. ¶ 1, ECF No. 1-1. Barnhardt, a Minnesota resident, is the CEO and President of LMLC, a Wisconsin corporation. *Id.* ¶¶ 2–3, 6. LMLC operates daycare centers in Illinois, Wisconsin, Minnesota, and Nebraska. *Id.* ¶ 6.

According to Arion, Defendants fraudulently induced Noekhah to invest in a daycare center that Barnhardt claimed LMLC planned to open in Chicago. *Id.* ¶¶ 9–19. After Noekhah paid Defendants $170,000 in August 2015, she formed Arion for

the purpose of holding shares of LMLC that she expected to receive in exchange for her investment. *Id.* ¶¶ 17, 20.

Arion and LMLC entered into an agreement (the "Membership Agreement") in August 2016, pursuant to which Arion acquired 49% ownership of LMLC in exchange for $150,000 and a franchise fee of $20,000. *Id.* ¶ 21. Arion claims that during the course of this transaction, Defendants failed to make certain required disclosures. *Id.* ¶¶ 23–25.

Over the course of the following year, Defendants represented to Arion that they were making progress toward opening the daycare center, but no center ever opened. *Id.* ¶¶ 28–33. In December 2017, Arion demanded the return of the investment, but Barnhardt informed Arion that it was "gone" and could not be returned. *Id.* ¶¶ 34–35. Barnhardt offered to repay Arion in monthly installments, but Arion never received any payments. *Id.* ¶¶ 35–39.

Arion initiated this lawsuit in the Circuit Court of Cook County, bringing claims for violations of the Illinois Franchise Disclosure Act ("IFDA"), 815 Ill. Comp. Stat. § 705 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505 *et seq.*, and common-law fraud. *See* Compl. at 1, 7–9, 11. Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1332. *See* Notice of Removal at 1–2, ECF No. 1. Defendants then moved to transfer the case to the U.S. District Court for the Western District of Wisconsin, Eau Claire Division, based on a forum-selection clause in the Membership Agreement. For its part, Arion does not contest removal, but opposes the motion to transfer.

## Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A forum-selection clause "may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). If a valid forum-selection clause governs the dispute, the clause "[should be] given controlling weight in all but the most exceptional cases," "the plaintiff's choice of forum merits no weight," and "the party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63–64 (internal quotation marks omitted). In this situation, a court may not consider arguments about the parties' private interests because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient." *Id.* at 64.

## Analysis

There is no dispute that the Membership Agreement contains a forum-selection clause. The Membership Agreement provides, in relevant part[1]:

> [T]he parties agree that any suit, action or proceeding arising out of or relating to this Agreement or any judgment entered by any court in respect thereof shall be brought in the courts of St. Croix County,

---

[1] Because Arion has provided a copy of the contract and it is central to its claims, *see* Compl. ¶ 21, the Court may rely upon it when ruling on the present motion. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (stating that a court may consider "documents that are attached to the complaint [and] documents that are central to the complaint and are referred to in it").

3

> Wisconsin, or in the United States District Court for the Western District of Wisconsin, Eau Claire Division. Each party hereby irrevocably and unconditionally accepts the exclusive personal jurisdiction of such courts for the purpose of any action, suit or proceeding arising out of or relating to the Agreement, waives, to the fullest extent permitted bylaw [*sic*], any objection which it may now or hereafter have to the laying of venue of any action, suit or proceeding arising out of or relating to this Agreement or any judgment entered by any court in respect thereof brought in such courts, [and] waives any claim that any action, suit or proceeding brought in such court has been brought in an inconvenient forum[.]

Pl.'s Resp. Opp. Mot. Transfer, Ex. A, Membership Agreement ¶ 9.7, ECF No. 24-1.

The parties disagree as to which state's law should be used to determine the validity of the forum-selection clause, whether the clause is valid and enforceable, whether the clause applies to Arion's claims, and whether the § 1404(a) "public-interest" factors favor transfer. The Court addresses each argument in turn.

## I. Choice of Law

Defendants contend that Wisconsin law should determine whether the forum-selection clause is valid, because the Membership Agreement contains a choice-of-law provision indicating that Wisconsin law governs the contract. *See* Membership Agreement ¶ 9.8. Arion disagrees, arguing that the clause's validity should be determined according to Illinois law because "[a] court sitting in diversity must apply the choice-of-law rules of the state in which it sits." Pl.'s Resp. Opp. Mot. Transfer at 9, ECF No. 24 (citing *Midway Home Entm't Inc. v. Atwood Richards Inc.*, No. 98 C 2128, 1998 WL 774123, at *2 (N.D. Ill. Oct. 29, 1998)).

Defendants are correct. The Seventh Circuit has made clear that, in determining whether a forum-selection clause is valid, a court should look to the law

4

that governs the dispute pursuant to the agreement's choice-of-law provision. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) ("[T]he validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute."). Thus, because the Membership Agreement contains a Wisconsin choice-of-law provision, the validity of the forum-selection clause should be determined according to Wisconsin law.

## II. Validity of the Forum-Selection Clause

In Wisconsin, there is a "'strong presumption favoring venue' in the forum specified in [a forum-selection] clause." *Israeli v. Dott. Gallina S.R.L.*, 632 F. Supp. 2d 866, 869 (W.D. Wis. 2009) (quoting *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 722 N.W.2d 633, 640 (Wis. Ct. App. 2006)). "Forum selection clauses should be enforced unless 'enforcement is shown to be unreasonable under the circumstances.'" *Id.* (quoting *Converting/Biophile Labs.*, 722 N.W.2d at 640). Thus, the Court must enforce the forum-selection clause in the Membership Agreement, unless Arion can show that enforcement is unreasonable under the circumstances of this case.

Arion argues that, even if Wisconsin law applies, the forum-selection clause is unreasonable because it is both substantively and procedurally unconscionable. In analyzing forum-selection clauses, Wisconsin courts are concerned with both types of unconscionability. *See Pietroske, Inc. v. Globalcom, Inc.*, 685 N.W.2d 884, 887 (Wis. Ct. App. 2004). Procedural unconscionability "relates to factors bearing on the meeting of the minds of the contracting parties," while substantive unconscionability

5

"pertains to the reasonableness of the contract terms themselves." *Leasefirst v. Hartford Rexall Drugs, Inc.*, 483 N.W.2d 585, 587 (Wis. Ct. App. 1992).

Arion's substantive-unconscionability argument assumes that there could be no situation in which a claim by Arion against Defendants would *not* be subject to the forum-selection clause. But that is an unreasonable interpretation of the clause, which merely states that disputes *related* to the Membership Agreement are subject to the clause, while those *unrelated* to the contract may be filed in any court where jurisdiction is proper. *See* Membership Agreement ¶ 9.7. What is more, the clause is not unreasonably favorable to Defendants merely because LMLC is incorporated in Wisconsin; as courts applying Wisconsin law have repeatedly concluded, it is reasonable for a party to select the location of its headquarters as the forum of choice. *See, e.g., Israeli*, 632 F. Supp. 2d at 870; *Pietroske*, 685 N.W.2d at 888. In short, Arion provides no basis to conclude that the forum-selection clause is substantively unconscionable. And, because a party challenging a forum-selection clause must prove that it is both substantively *and* procedurally unconscionable, the Court need not address Arion's procedural-unconscionability argument. *See Pietroske*, 685 N.W.2d at 889.

In sum, the Court finds that the Membership Agreement's forum-selection clause is valid and enforceable under Wisconsin law.

### III. Applicability of the Forum-Selection Clause

Because the forum-selection clause is enforceable, the Court must decide whether the present claims fall within its scope. Defendants assert that "each of

6

Arion's claims . . . arise[s] out of and relate[s] to the Membership Agreement," because of the provision's broad language. Defs.' Mem. Supp. Mot. Transfer at 6, ECF No. 14. Arion, for its part, contends that the clause is inapplicable because this case does not involve a breach-of-contract claim, the Membership Agreement did not exist when Barnhardt allegedly made false representations to Noekhah, and "resolution of the allegations in the [complaint] is not dependent on a construction" of the Membership Agreement. Pl.'s Resp. at 8.

Arion's argument ignores Seventh Circuit precedent interpreting language similar to that used here. For instance, the Seventh Circuit has noted that a forum-selection clause applying to disputes "arising from, concerning[,] or in any way related to" a contract is "about as broadly worded as could be imagined." *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 422, 424 (7th Cir. 2007). Indeed, forum-selection clauses are interpreted broadly and can encompass claims other than breach of contract. *Am. Patriot Ins. Agency v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) ("[A] dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges fraudulent breach or fraudulent inducement, or fraudulent performance."). Thus, Arion cannot evade the forum-selection clause by not pursuing a breach-of-contract claim.

Further, a review of the allegations in Arion's complaint indicates that its claims "arise out of" or "relate to" the Membership Agreement. For example, in Count I, Arion claims that Defendants failed to make certain disclosures prior to the formation of the agreement, thereby violating the IFDA. In Count II, Arion claims

7

that the failure to disclose, coupled with false statements allegedly made by Barnhardt, constituted an intentional scheme to defraud Arion in violation of the IFDA. In Count III, Arion contends that Defendants committed fraud by selling Arion securities and a franchise—as reflected in the Membership Agreement—that had no value. And in Count IV, Arion asserts that Defendants made various promises as to how they would use the investment that is the subject of the Membership Agreement, but failed to follow through on those promises, thereby violating the ICFA. Each of these claims is "related to" the Membership Agreement.

What is more, Arion's argument that its claims fall outside the scope of the forum-selection clause because they are "not dependent on a construction of the Membership . . . Agreement" fails, because "arising out of" language in a contract "reaches all disputes having their origin or genesis in the contract, *whether or not they implicate interpretation or performance of the contract.*" *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) (emphasis added).[2]

## IV. 28 U.S.C. § 1404(a) Public-Interest Factors

The remaining issue is whether the Court should refrain from transferring this case because of exceptional circumstances. In *Atlantic Marine Construction Co.*, the Supreme Court held that, when applying a forum-selection clause, a court should not

---

[2] Although *Sweet Dreams Unlimited* involved the interpretation of an arbitration clause, the language at issue in that case—"Any disputes arising out of the agreement shall be settled and determined by the American Arbitration Association of the City of New York"—is substantially similar to the words that appear in the Membership Agreement.

consider arguments related to "private interests," such as the convenience of parties and witnesses. 571 U.S. at 64. Rather, "a district court may consider arguments about public-interest factors only." *Id.* Those factors include: "docket congestion and likely speed to trial in the transferor and potential transferee forums . . . each court's relative familiarity with the relevant law . . . the respective desirability of resolving controversies in each locale . . . and the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

Defendants cite statistical evidence suggesting that cases are resolved more quickly in the Western District of Wisconsin than in the Northern District of Illinois. Defs.' Mem. Supp. at 11. And Arion acknowledges that the parties would receive a disposition or trial more quickly in the Western District of Wisconsin. Thus, this factor weighs in favor of transfer.

Turning to each court's familiarity with the relevant law, although three of Arion's claims are based on Illinois statutes, "courts are often called upon to decide substantive legal questions based upon another state's laws." Defs.' Mem. Supp. at 9 (quoting *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000)). And, while Arion is likely correct that "the Northern District of Illinois is more familiar with substantive Illinois law than the Western District of Wisconsin," Pl.'s Resp. at 6, Arion provides no support that the IFDA and ICFA are "so unique as to be beyond the comprehension" of a Wisconsin federal court. *Amoco Oil Co.*, 90 F. Supp. 2d at 962. Thus, this factor is neutral.

9

As to the desirability of resolving the controversy in each locale and the relationship of each community to the controversy, Defendants contend that this factor is neutral, while Arion argues that Illinois has a stronger interest in the case than Wisconsin. Each state has an interest at stake: Illinois, in protecting its citizens from fraud, and Wisconsin, in enforcing valid contractual provisions such as forum-selection clauses. Accordingly, this factor too is neutral.

With one factor weighing in favor of transfer and the others neutral, the Court finds that the § 1404(a) public-interest analysis favors transfer to the Western District of Wisconsin. The Supreme Court made clear in *Atlantic Marine Construction Co.* that, in a case involving a valid forum-selection clause, a § 1404(a) motion should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." 571 U.S. at 62. Here, as in that case, "no such exceptional factors appear to be present." *Id.*

## Conclusion

For the reasons stated herein, Defendants' motion to transfer [13] is granted. The Court hereby transfers this case forthwith to the Western District of Wisconsin, Eau Claire Division. This case is terminated on this Court's docket.

**IT IS SO ORDERED.**  ENTERED   12/14/18

_\[signature: John Lee\]_
_____

**John Z. Lee**
**United States District Judge**